THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **KIM HYDE-RHODES,**<br><br>Plaintiff,<br><br>v.<br><br>**DAVID NUFFER, et al.,**<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:23-cv-00780-DBB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Before the court is pro se Plaintiff Kim Hyde-Rhodes's ("Ms. Hyde-Rhodes") complaint.[1] Ms. Hyde-Rhodes has moved to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 ("IFP Statute").[2] Based upon the analysis set forth below, the court recommends that this case be dismissed with prejudice under the authority of the IFP Statute.

---

[1] ECF No. 2. In analyzing Ms. Hyde-Rhodes's complaint, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id.*, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[2] ECF No. 1.

## BACKGROUND

In September 2023, Ms. Hyde-Rhodes filed motions to proceed IFP in six different cases in this district.[3] After reviewing those motions, District Judge David Nuffer ("Judge Nuffer") entered an order to show cause in each of the six cases, in which he noted certain deficiencies in Ms. Hyde-Rhodes's motions to proceed IFP and ordered Ms. Hyde-Rhodes to file corrected motions to proceed IFP in each case, provide supporting documentation for each motion, and appear for a show-cause hearing on October 12, 2023.[4]

Judge Nuffer convened the hearing on that date, and Ms. Hyde-Rhodes failed to appear, despite being ordered to do so.[5] Based upon findings Judge Nuffer made on the record at the hearing, he denied all six of Ms. Hyde-Rhodes's motions to proceed IFP.[6] Judge Nuffer later entered a Memorandum Decision and Order in each of the six cases memorializing his denial of Ms. Hyde-Rhodes's motions to proceed IFP and closing each case.[7]

---

[3] *Hyde-Rhodes v. Wilcox*, 4:23-cv-00077-DN, ECF No. 1; *Hyde-Rhodes v. Idaho Health & Welfare*, 4:23-cv-00078-DN, ECF No. 1; *Hyde-Rhodes v. Barney*, 4:23-cv-00079-DN, ECF No. 1; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00083-DN, ECF No. 1; *Hyde-Rhodes v. Horn*, 4:23-cv-00084-DN, ECF No. 1; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00085-DN, ECF No. 1.

[4] *Hyde-Rhodes v. Wilcox*, 4:23-cv-00077-DN, ECF No. 12; *Hyde-Rhodes v. Idaho Health & Welfare*, 4:23-cv-00078-DN, ECF No. 11; *Hyde-Rhodes v. Barney*, 4:23-cv-00079-DN, ECF No. 10; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00083-DN, ECF No. 3; *Hyde-Rhodes v. Horn*, 4:23-cv-00084-DN, ECF No. 3; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00085-DN, ECF No. 3.

[5] *Hyde-Rhodes v. Wilcox*, 4:23-cv-00077-DN, ECF No. 19.

[6] *Id.*

[7] *Hyde-Rhodes v. Wilcox*, 4:23-cv-00077-DN, ECF No. 17; *Hyde-Rhodes v. Idaho Health & Welfare*, 4:23-cv-00078-DN, ECF No. 13; *Hyde-Rhodes v. Barney*, 4:23-cv-00079-DN, ECF No. 12; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00083-DN, ECF No. 5; *Hyde-Rhodes v. Horn*, 4:23-cv-00084-DN, ECF No. 5; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00085-DN, ECF No. 5.

On October 20, 2023, Ms. Hyde-Rhodes filed her motion to proceed IFP in this case.[8] In her complaint, Ms. Hyde-Rhodes names as defendants Judge Nuffer, "[a]ll other clerks/+criminals aiding + abetting in crimes," the "Attorney General," and the Utah Supreme Court.[9] Although not entirely clear, Ms. Hyde-Rhodes's allegations appear to relate to the proceedings before Judge Nuffer discussed above. Ms. Hyde-Rhodes alleges that Judge Nuffer deprived her of her civil rights "under the color of the law" and committed "dereliction of duty."[10] Ms. Hyde-Rhodes appears to further allege that "[a]ll other clerks/+criminals"[11] "aid[ed] + abett[ed]" Judge Nuffer in his purported misconduct.[12] Based upon those sparse allegations, Ms. Hyde-Rhodes seeks: "$300,000.00 + damages + pain + suffering + expenses! (each) 4 of us!"[13]

## LEGAL STANDARDS

Whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case *at any time* if the court determines that . . . the action" "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[14] Additionally, DUCivR 3-2(b)(1) provides that "[*a*]*t any time*, *including when reviewing* [*a motion to proceed*

---

[8] ECF No. 1.

[9] ECF No. 2 at 2.

[10] *Id*. at 4.

[11] *Id*. at 2.

[12] *Id*. at 4.

[13] *Id*.

[14] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).

*IFP*], a magistrate judge may recommend dismissal of the action" for certain reasons, including if the action "fails to state a claim on which relief can be granted," "the claims are frivolous or malicious," or the action "seeks monetary relief against a defendant who is immune."[15]

Thus, to review Ms. Hyde-Rhodes's complaint under the authority of the IFP Statute, the court must consider those three legal standards. Each legal standard is set forth below.

I. **Failure to State a Claim**

In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[16] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[17] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[18]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[19] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

---

[15] DUCivR 3-2(b)(1)(C)-(E) (emphasis added).

[16] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[17] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[18] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[19] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[21] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[22] The twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[23]

II.  Frivolousness

When considering the term frivolous under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis . . . in law . . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces . . . the inarguable legal conclusion . . . ."[24] The Court further stated that the IFP Statute "accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory," which includes "claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist."[25]

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original) (citations omitted).

[21] *Id.*

[22] *Twombly*, 550 U.S. at 555.

[23] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[24] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[25] *Id.* at 327-28; *see also Hall*, 935 F.2d at 1108-09.

### III. Immunity

As stated above, the IFP Statute requires the court to dismiss an IFP case at any time if it "seeks monetary relief against a defendant who is immune from such relief."[26] Additionally, DUCivR 3-2(b)(1)(E) provides that a magistrate judge may recommend dismissal of an IFP case at any time if it "seeks monetary relief against a defendant who is immune."

## ANALYSIS

Ms. Hyde-Rhodes's complaint (I) fails to state claims upon which relief can be granted because her claims are barred by absolute judicial immunity. For the same reason, Ms. Hyde-Rhodes's complaint (II) is frivolous and seeks monetary relief from defendants who are immune from such relief. Therefore, this case should be dismissed with prejudice under the authority of the IFP Statute.

### I. Ms. Hyde-Rhodes's Complaint Fails to State Claims Upon Which Relief Can Be Granted.

Ms. Hyde-Rhodes's complaint fails to state claims upon which relief can be granted because Judge Nuffer and "[a]ll other clerks/+criminals"[27] are entitled to absolute judicial immunity.[28] "Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious,

---

[26] 28 U.S.C. § 1915(e)(2)(B)(iii).

[27] ECF No. 2 at 2.

[28] Because all Ms. Hyde-Rhodes's allegations appear to relate to the proceedings before Judge Nuffer, the court construes Ms. Hyde-Rhodes's complaint as being directed against only Judge Nuffer and "[a]ll other clerks/+criminals." *Id*. To the extent Ms. Hyde-Rhodes attempts to assert claims against the "Attorney General" and the Utah Supreme Court, *id*., those claims fail to satisfy the minimum pleading requirements of Rule 8(a)(2). Indeed, Ms. Hyde-Rhodes fails to include *any* allegations in her complaint related to any attorney general or the Utah Supreme Court. Thus, she fails to state claims upon which relief can be granted against those parties.

or in excess of their judicial authority."[29] This immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."[30] "[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."[31] "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity."[32] Additionally, "absolute judicial immunity has been extended to non-judicial officers where their duties had an integral relationship with the judicial process."[33]

Ms. Hyde-Rhodes's allegations against Judge Nuffer relate to actions undertaken in a judicial capacity, and Ms. Hyde-Rhodes does not make any allegations that Judge Nuffer acted in the absence of jurisdiction. Therefore, Ms. Hyde-Rhodes's claims against Judge Nuffer are barred by absolute judicial immunity. Additionally, to the extent that Ms. Hyde-Rhodes claims that "[a]ll other clerks/+criminals"[34] "aid[ed] + abett[ed]"[35] Judge Nuffer in any alleged misconduct, those claims are likewise barred by absolute judicial immunity because any of the actions undertaken by any clerks in the proceedings before Judge Nuffer "had an integral

---

[29] *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990); *see also Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (per curiam).

[30] *Mireles*, 502 U.S. at 10 (quotations and citation omitted).

[31] *Id.* at 11.

[32] *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006).

[33] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quotations and citation omitted); *see also Sawyer v. Gorman*, 317 F. App'x 725, 728 (10th Cir. 2008).

[34] ECF No. 2 at 2.

[35] *Id.* at 4.

7

relationship with the judicial process."[36] Accordingly, Ms. Hyde-Rhodes fails to state claims upon which relief can be granted against Judge Nuffer and any clerks involved in the proceedings before him.[37]

##    II.    Ms. Hyde-Rhodes's Complaint Is Frivolous and Seeks Monetary Relief Against Defendants Who Are Immune from Such Relief.

Because Judge Nuffer and "[a]ll other clerks/+criminals"[38] are entitled to absolute judicial immunity, Ms. Hyde-Rhodes's complaint is also frivolous and seeks monetary relief against defendants who are immune from that type of relief. As stated above, a complaint is frivolous under the IFP Statute when it is "based on an indisputably meritless legal theory," which includes "claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist."[39] Also as stated above, the IFP Statute requires dismissal of an IFP case at any time if the complaint "seeks monetary

---

[36] *Whitesel*, 222 F.3d at 867 (quotations and citation omitted); *see also Sawyer*, 317 F. App'x at 728.

[37] The court acknowledges that, before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies. *Kay*, 500 F.3d at 1217 ("'Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend.'" (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001))); *Curley*, 246 F.3d at 1284 (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim"). Given the substance of Ms. Hyde-Rhodes's claims, the court concludes that she could not make any additional, plausible allegations that would save her claims from dismissal under the IFP Statute. Therefore, the court should decline to provide Ms. Hyde-Rhodes with an opportunity to amend her complaint.

[38] ECF No. 2 at 2.

[39] *Neitzke*, 490 U.S. at 327; *see also Hall*, 935 F.2d at 1108-09.

relief against a defendant who is immune from such relief."[40] Ms. Hyde-Rhodes's complaint falls squarely within those two categories.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, Ms. Hyde-Rhodes's complaint fails to state claims upon which relief can be granted, is frivolous, and seeks monetary relief against defendants who are immune from such relief.[41] Therefore, the court HEREBY RECOMMENDS that this case be DISMISSED WITH PREJUDICE under the authority of the IFP Statute.[42] Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[43] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[44] Failure to object may constitute waiver of objections upon subsequent review.

---

[40] 28 U.S.C. § 1915(e)(2)(B)(iii).

[41] The court also notes that Ms. Hyde-Rhodes's motion to proceed IFP in this case is nearly identical to three motions to proceed IFP she previously filed in cases before Judge Nuffer. *Compare* ECF No. 1, *with Hyde-Rhodes v. Wilcox*, 4:23-cv-00077-DN, ECF No. 1, *Hyde-Rhodes v. Barney*, 4:23-cv-00079-DN, ECF No. 1, *and Hyde-Rhodes v. Wilcox*, 4:23-cv-00085-DN, ECF No. 1. Although Judge Nuffer's findings to support denial of those three motions could provide a basis for the court to recommend denying Ms. Hyde-Rhodes's motion to proceed IFP in this case, the court need not reach that issue because the court concludes that this case should be dismissed with prejudice under the authority of the IFP Statute, irrespective of whether Ms. Hyde-Rhodes qualifies to proceed IFP.

[42] *McMurray v. Smith*, 301 F. App'x 838, 838 (10th Cir. 2008) (affirming district court's dismissal of IFP case with prejudice based on absolute judicial immunity and concluding that "the complaint is frivolous, fails to state a claim on which relief can be granted, and seeks monetary relief against defendants who are immune")

[43] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[44] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

DATED this 7th day of February 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge