THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KIM HYDE-RHODES,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID NUFFER, ALL OTHER CLERKS, ATTORNEY GENERAL, SUPREME COURT STATE OF UTAH,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [33] REPORT AND RECOMMENDATION AND OVERRULING PLAINTIFF'S OBJECTION**<br><br>Civil No. 2:23-cv-00780<br><br>Judge David Barlow |

The Report and Recommendation[1] issued by United States Magistrate Judge Bennett on February 7, 2024, recommends that the court dismiss this case with prejudice. Pro se Plaintiff Kim Hyde-Rhodes later filed a "Motion to Uphold the Laws of the Land" ("Motion"),[2] which the court construes as an objection to the Report and Recommendation.[3]

For the reasons stated, the court OVERRULES Ms. Hyde-Rhodes's objection and ADOPTS the Report and Recommendation in its entirety.

## BACKGROUND

In September 2023, Ms. Hyde-Rhodes filed motions to proceed in forma pauperis ("IFP") in six different cases in this district.[4] After reviewing and scheduling a hearing on the IFP

---

[1] ECF No. 33.
[2] The full title of the Motion is "Motion to Uphold the Laws of the Land, Motion for Mandamus and Filings as Such Emergency Relief Not Addressed & Motion Objecting to Dereliction of Duty of Deprivation of Rights Under the Color of Law, Motion for Emergency Relief, Approval of In Forma Pauperis and to Address Filings." ECF No. 34.
[3] *Id.* ("I OBJECT TO THE ORDER MADE BY THE JUDGE TO DISMISS THIS CASE . . . .").
[4] *Hyde-Rhodes v. Wilcox*, 4:23-cv-00077-DN, ECF No. 1; *Hyde-Rhodes v. Idaho Health & Welfare*, 4:23-cv-00078-DN, ECF No. 1; *Hyde-Rhodes v. Barney*, 4:23-cv-00079-DN, ECF No. 1; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00083-DN, ECF No. 1; *Hyde-Rhodes v. Horn*, 4:23-cv-00084-DN, ECF No. 1; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00085-DN, ECF No. 1.

motions, District Judge David Nuffer ("Judge Nuffer") denied all six of Ms. Hyde-Rhodes's motions to proceed IFP.[5]

Ms. Hyde-Rhodes subsequently filed a complaint[6] and motion to proceed IFP[7] in this case. The complaint names as defendants Judge Nuffer, "[a]ll other Clerks/ + Criminals Aiding + Abetting in Crimes," the Attorney General, and the Utah Supreme Court.[8] Ms. Hyde-Rhodes alleges that the defendants "aid[ed] + abet[ted] in misconduct," acted with "dereliction of duty," and "deprived us of our rights under the color of law."[9]

After reviewing the complaint and motion to proceed IFP, Magistrate Judge Bennett recommended dismissing the case with prejudice. Judge Bennett identifies two grounds supporting his recommendation. First, Ms. Hyde-Rhodes's complaint fails to state a claim upon which relief can be granted because Judge Nuffer and "[a]ll other clerks/+criminals" are entitled to absolute judicial immunity and the complaint does not satisfy the minimum pleading requirements with respect to the other defendants.[10] Second, Ms. Hyde-Rhodes's complaint is frivolous and seeks monetary relief against defendants who are immune from such relief.[11]

## STANDARD

When resolving timely objections to a Report and Recommendation, the district court judge "shall make a de novo determination of those portions of the report . . . to which objection

---

[5] *Hyde-Rhodes v. Wilcox*, 4:23-cv-00077-DN, ECF No. 17; *Hyde-Rhodes v. Idaho Health & Welfare*, 4:23-cv-00078-DN, ECF No. 13; *Hyde-Rhodes v. Barney*, 4:23-cv-00079-DN, ECF No. 12; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00083-DN, ECF No. 5; *Hyde-Rhodes v. Horn*, 4:23-cv-00084-DN, ECF No. 5; *Hyde-Rhodes v. Wilcox*, 4:23-cv-00085-DN, ECF No. 5.
[6] ECF No. 2.
[7] ECF No. 1.
[8] ECF No. 2 at 2.
[9] *Id.* at 4.
[10] ECF No. 33 at 6–8.
[11] *Id.* at 8–9.

is made."[12] Conversely, "this court generally reviews unobjected-to portions of a report and recommendation for clear error."[13] The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[14] Moreover, because Ms. Hyde-Rhodes is proceeding pro se, the court construes her filings liberally.[15] However, the court may not "assume the role of advocate for the pro se litigant."[16] And she must comply with the "fundamental requirements" of the Federal Rules of Civil Procedure.[17]

## DISCUSSION

Ms. Hyde-Rhodes's Motion states that she "object[s] to the order made by the judge to dismiss this case."[18] The Motion makes various allegations against the court, including that the court has tampered with the record, is committing crimes, and is aiding and abetting fraud.[19] These allegations are conclusory, and the language of the objection itself is generalized and does not engage with the Report and Recommendation's reasoning or otherwise explain why the Report and Recommendation is incorrect.

The court agrees with the Report and Recommendation's conclusions that Ms. Hyde-Rhodes's complaint fails to state claims upon which relief can be granted, is frivolous, and seeks monetary relief against defendants who are immune from such relief. Under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action" "fails

---

[12] 28 U.S.C. § 636(b)(1)(C).
[13] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) and Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).
[14] *Id.*
[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[16] *Id.*
[17] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).
[18] ECF No. 34 at 3.
[19] *Id.* at 2–3.

to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[20] Moreover, it plainly would be futile to grant leave to amend the complaint.

The analysis and conclusions of the Magistrate Judge are sound, and the court adopts Judge Bennett's Report and Recommendation.[21]

## ORDER

For the reasons stated, IT IS THEREFORE ORDERED that the Plaintiff's objection[22] is overruled. The court ADOPTS the Report and Recommendation[23] in its entirety. This case is DISMISSED WITH PREJUDICE.

Signed April 23, 2024.

BY THE COURT:

David Barlow
United States District Court Judge

---

[20] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[21] ECF No. 33.
[22] ECF No. 34.
[23] ECF No. 33.